**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAMES EUGENE YATES,       )
                                 )
     Petitioner,          )     **Case No. 3:12-CV-00041 JLH-JTK**
                                 )
v.                               )
                                 )
MIKE ALLEN, Sheriff of Crittenden County  )
                                 )
     Respondent.        )

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

       The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus filed by Petitioner James Yates.  After reviewing the parties' briefing, pleadings, and the available evidence, the Court finds that the current action should be DISMISSED and all pending motions DENIED.

## Background

Petitioner filed a petition seeking federal habeas relief and monetary damages under 28 U.S.C. § 1983 on February 8, 2012 (Doc. No. 2). He subsequently filed a Motion for Summary Judgment (Doc. No. 5) on March 2, 2012, arguing that he was entitled to a default judgment because none of the parties named in his petition had responded.  However, the Court did not order service until March 22, 2012, and service was only made upon Respondent Mike Allen (Doc. No. 6).[1] *See* Rules Governing Section 2254 Cases 4, 5(a).  Respondent filed an

---

[1] Despite several persons being named, "Respondent" will hereinafter only refer to Mike Allen.

answer on April 18, 2012.

Petitioner is currently an inmate in the Crittenden County, Arkansas Detention Facility. Although it is not clear from his petition, Petitioner appears to allege he was on parole from a ninety-eight year sentence for capital murder in Tennessee[2] before he was arrested and placed in Arkansas custody on August 3, 2011. Respondent indicates that Petitioner's current detention is the result of being charged with breaking or entering and theft of property (Answer Ex. A).

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2241.[3] He contends that his continued incarceration without prosecution is a violation of the Due Process and Equal Protection Clauses because the time frame under Arkansas Rule of Criminal Procedure 9 has expired. Petitioner also seeks relief under 42 U.S.C. § 1983 because roughly nine hundred cases have been heard before his and he was not removed from his cell on several dates that were scheduled for trial.

The first defect in the petition arises from an inability to determine what deficiencies Petitioner is arguing entitle him to relief under § 2241. He repeatedly refers to the court's failure to comply with Arkansas Rule of Criminal Procedure 9,[4] but "Rule 9" is merely a set of six rules (9.1-9.6) that govern a defendant's release pending trial. Specifically, these rules concern

---

[2] Although it is impossible to be sure from the information provided by Petitioner, it appears likely that he is the same James Eugene Yates referred to in *Yates v. State*, No. W2004-01746-CCA-R3-HC, 2005 WL 1249065 (Tenn. Crim. App. May 23, 2005), who received an effective sentence of fifty years in 1992 for second degree murder, theft of property, aggravated burglary, and arson.

[3] The clerk's office has erroneously docketed this as a petition pursuant to 28 U.S.C. § 2254, and Respondent appears to have answered based on this belief. It is apparent this was an error because the petition indicates that it is made pursuant to 28 U.S.C. § 2241 and because any custody being challenged pursuant to § 2254 must result from a "judgment of a State court." 28 U.S.C. § 2254(a).

[4] On one occasion Petitioner refers to Arkansas Supreme Court Rule 9 (Pet. 5), but this is undoubtedly a reference to the rule described above because there is no Rule 9 in the Arkansas Supreme Court Rules.

conditions of release, monetary amounts, prohibitions of wrongful acts pending trial, notice of penalties, and violations of conditions of release.  It does not appear that Rule 9 could possibly apply to Petitioner because he has not been released, and this rule does not cover the actual decision to release a prisoner. *See* Ark. R. Crim. Pro. 8.5.  From what little the Court knows about Petitioner's criminal history and the charges that he is currently facing, it does not appear that any constitutional right has been violated by the state court's decision to deny him release pending trial.

Petitioner repeatedly refers to a time frame, so the Court must assume he is referring to either Rule 8.6 or Rule 28.1 of the Arkansas Rules of Criminal Procedure.  He cannot seek relief for a violation of Rule 8.6, which requires that an information or indictment be filed within sixty days of a defendant's arrest, because an information was filed twelve days after the date Petitioner alleges he was arrested (Answer Ex. A).  Assuming Petitioner wishes to assert a claim under Rule 28.1, which governs Arkansas's right to a speedy trial, he has failed to provide the Court with enough information to ascertain whether the nine-month period under 28.1(a) or the twelve-month period under 28.1(b) applies.  Regardless of which section is appropriate, Petitioner filed the current action roughly six months after he alleges he was arrested on February 8, 2012.  It is clear that Petitioner's action was unripe at the time of filing,[5] and it is unclear that this has changed because there are several periods of time that are excluded from speedy trial calculations under Rule 28.3, for instance, the time spent obtaining Petitioner's mental evaluation (Answer Ex. B, at 3).

Another fatal defect in the petition is the fact that it appears to rely entirely on applications of state law. *See* 28 U.S.C. § 2241(c)(3) (requiring Petitioner to show he "is in

---

[5]  This assumes that the Court has been able to correctly guess what statute Petitioner is arguing has been violated.  This assumption will be made for the remainder of the recommendation.

custody in violation of the *Constitution or laws or treaties of the United States*") (emphasis added).   Petitioner does make extremely vague references to the Due Process and Equal Protection Clauses, but these appear to hinge on the state court's noncompliance with "Rule 9." "As a general rule, a violation of state law, without more, is not the equivalent of a violation of the Fourteenth Amendment." *Carter v. Bowersox*, 265 F.3d 705, 714 (8th Cir. 2001).   As noted by Petitioner, there are some exceptions to this rule.   *See Hicks v. Oklahoma,* 447 U.S. 343, 347 (1980) (holding that a violation of a state's criminal sentencing procedure is unconstitutional). However, the Eighth Circuit has repeatedly noted that *Hicks* and its progeny "represent a rather narrow rule: some aspects of the sentencing process, created by state law, are so fundamental that the state must adhere to them in order to impose a valid sentence." *Chambers v. Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998); *Carter*, 265 F.3d at 715.  This narrow rule would not apply to the present case, which involves a state's potential failure to comply with its speedy trial rules. Further, the Supreme Court has been extremely hesitant to adopt any bright line rules regarding when a defendant's right to a speedy trial under the Sixth Amendment has been violated. *See Baker v. Wingo*, 407 U.S. 514 (1972) (declining to adopt a fixed-time period or demand-waiver rule and opting for a balancing test that considers factors such as length of delay, reason for delay, defendant's assertion of his right, and prejudice).   Thus, the petition fails to sufficiently allege what federal laws Petitioner is being detained in violation of or why his detention violates those laws.[6]

Although section 2241(c)(3), which establishes federal habeas jurisdiction over certain pre-trial petitions, does not specifically include an exhaustion requirement, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

---

[6] Although this is not a basis for the Court's decision, it should also be noted that Petitioner has failed to verify his petition as required by 28 U.S.C. §2242.

either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-92 (1973) (finding that state prisoner was entitled to relief for speedy trial violations under § 2241(c)(3) in limited situations). "[N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The majority in *Braden* was adamant that it did not convert "federal habeas corpus into 'a pretrial-motion forum for state prisoners,'" and there are significant differences that prevent Petitioner's claims from receiving the same treatment as the claims made in *Braden*. *Id.* at 493. Braden differed from Petitioner because Braden's indictment was over three years old, he had made repeated speedy trial demands, further delays in trial would have impaired his ability to defend himself, the existence of the Kentucky indictment prejudiced his opportunity for parole in Alabama, and he made "no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes" because "[h]e delayed his application for federal relief until the state courts had conclusively determined that his prosecution was temporarily moribund." *Id.* at 491. Other than Petitioner's allegation that the criminal court has been afforded an opportunity to cure the deficiencies (Pet. 5), there is no indication that Petitioner has sought any form of relief from the state court. *See* Circuit Ct. Docket Sheet, Answer Ex. B. Petitioner does not explain how the state court was afforded such an opportunity, and it does not appear that he has filed any speedy trial motions. *See id.* Thus, any involvement from the federal courts would be premature at this point.

Petitioner's § 1983 claims also fail because he fails to allege what constitutional rights have been violated or why allowing other inmates to make court appearances before him is a constitutional violation. Further, his claim that the slow progression of his case amounts to a

deliberately indifferent violation of his Eighth Amendment rights is not cognizable (Pet. 6-7). This is because a plaintiff may not make any claim for damages under § 1983 that may imply the invalidity of continued detention until he has proven "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Given the fact that Petitioner's habeas petition appears to be challenging his detention based on the amount of time that he has been incarcerated, a § 1983 claim based on that same challenge is premature.[7] The same can be said of Petitioner's allegations that he was not removed from his cell on days that trial was scheduled.

Even if Petitioner were able to present his § 1983 claims at this time, he has failed to adequately plead any such claims. The petition indicates that his § 1983 claims are against several officials in their individual capacities, yet it is completely devoid of any allegations against any specific individuals. It is also unlikely that any of the persons presently sued under § 1983 can be permissibly joined as parties to Petitioner's habeas petition under Rule 20 of the Federal Rules of Civil Procedure. Accordingly Petitioner's action must be dismissed in its entirety.

Given the Court's determination that this action should be dismissed in its entirety,

---

[7]  Although it has not been held explicitly, there are strong indications that § 1983 claims cannot be included in habeas petitions. *See, e.g.*, *Muhammad v. Close*, 540 U.S. 749, 750-52 (2004) (discussing decisions that have established a divide between § 1983 actions and habeas petitions). *But see Moeller v. Weber*, No. 04-4200, 2008 WL 1957842, at *2 (D.S.D. May 2, 2008) ("The United States Supreme Court has concluded that the difference in remedy between a habeas claim and a Section 1983 claim does not ipso facto preclude their joinder in a single lawsuit.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973); *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981)).

Petitioner's pending Motion for Summary Judgment (Doc. No. 5) and Motion for Reconsideration (Doc. No. 14) are DENIED as moot.  The Court notes that Petitioner's March 2, 2012 Motion for Summary Judgment could also be denied on the merits because it is entirely based on a perceived failure to answer his petition in a timely manner.  However, service was not mailed until March 23, 2012, and Respondent's answer was timely.

IT IS THEREFORE ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for and all pending motions are DENIED.

SO ORDERED this 11th day of May, 2012.

_____
United States Magistrate Judge